IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Patrick L. Booker, | ) | Case No. 2:17-cv-02165-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Scott Lewis, Jessica Edmond, Catherine Amason, | ) | |
| Defendants. | ) | |

## **BACKGROUND**

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 34. Plaintiff filed a Response in Opposition. ECF No. 42. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On February 15, 2019, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. ECF No. 43. Plaintiff filed objections, Defendant Amason filed a reply, and Plaintiff filed a sur-reply and a supplement. ECF Nos. 45, 46, 49, 50.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

### *Defendant Edmond*

The Magistrate Judge recommends dismissal of the claim against Defendant Edmond because Plaintiff failed to exhaust his administrative remedies with respect to this claim. Plaintiff does not mention his claim against Defendant Edmond in his objections or his sur-reply. In his supplement filed on April 24, 2019, he raises for the first time that he intends to pursue this claim. However, out of an abundance of caution for a pro se Plaintiff, the Court will consider his late arguments.

Under the Prison Litigation Reform Act, a prisoner bringing an action with respect to prison conditions under § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion of

2

administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. *Booth*, 532 U.S. at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. *Booth*, 532 U.S. at 741.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005).

In his supplement, Plaintiff asserts that Defendant Edmond was the author of a denial of his internal grievance. He contends that he was not permitted to file a grievance against Defendant Edmond because he had reached his maximum number of grievances for the month and, thus, the inmate grievance system was not available to him.[1] As discussed in more detail by the Magistrate Judge, the South Carolina Department of Corrections ("SCDC") properly rejected his request to file a grievance against Defendant Emond because he had reached his grievance limit for the month nor has he asserted that he was prevented from doing so. Plaintiff has not asserted at any time that he

---

[1] The Court notes that it does not appear that there is any new information in this argument and there is no explanation why this objection could not have been raised in Plaintiff's initial objections.

attempted to comply with the exhaustion requirement by filing a grievance with respect to Defendant Emond the following month. Accordingly, Plaintiff has not properly exhausted his administrative remedies with respect to Defendant Edmond. Thus, Plaintiff's objections are overruled and Defendant Edmond is dismissed without prejudice.[2]

***Defendant Amason***

The Magistrate Judge recommends dismissal of Defendant Amason because Plaintiff fails to establish a First Amendment retaliation claim against her. Plaintiff contends that the Magistrate Judge failed to properly apply the summary judgment standard and that he has sufficiently alleged that Defendant Amason retaliated against him for exercising his First Amendment rights.

As an initial matter, the Court overrules Plaintiff's objection that the Magistrate Judge failed to properly apply the relevant standard. Upon de novo review of the Report, the record in this case, and the applicable law, the Court finds that the Magistrate Judge properly stated the relevant legal standard and properly applied the same.

Plaintiff also asserts that his allegations create a genuine issue of material fact with respect to whether Defendant Amason retaliated against him for the exercise of his First Amendment rights. He contends that he was permitted to use regular white envelopes to send mail until he filed a grievance against Defendant Amason, that he should not

---

[2] Because the Court finds that Plaintiff failed to exhaust his administrative remedies with respect to Defendant Edmond, the Court declines to address his objections with respect to the merits of his claim against Defendant Edmond.

4

required to stop filing documents in order to establish the second element of a First Amendment retaliation claim, and that the confiscation of his letters would likely deter a person of ordinary firmness from the exercise of his First Amendment rights.

"The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685–86 (4th Cir. 2000); *see also Pickering v. Bd. of Educ.*, 391 U.S. 563, 574 (1968) (noting that retaliatory acts are "a potent means of inhibiting speech"). However, not every reaction made in response to an individual's exercise of his First Amendment right to free speech is actionable retaliation. *See DiMeglio v. Haines*, 45 F.3d 790, 806 (4th Cir. 1995) ("Not every restriction is sufficient to chill the exercise of First Amendment rights, nor is every restriction actionable, even if retaliatory.").

The Fourth Circuit Court of Appeals has held that a § 1983 retaliation plaintiff must establish three elements in order to prove a First Amendment § 1983 retaliation claim. First, the plaintiff must demonstrate that his or her speech was protected. *See Huang v. Bd. of Governors*, 902 F.2d 1134, 1140 (4th Cir. 1990). Second, the plaintiff must demonstrate that the defendant's alleged retaliatory action adversely affected the plaintiff's constitutionally protected speech. *See Wicomico Cty.*, 999 F.2d at 785 (stating that "a showing of adversity is essential to any retaliation claim"). Third, the plaintiff must demonstrate that a causal relationship exists between its speech and the defendant's retaliatory action. *See Huang*, 902 F.2d at 1140.

Here, the plaintiff has failed to establish the second prong. Plaintiff strongly asserts that confiscation of mail *could* deter a person of reasonable firmness from exercising their First Amendment rights; however, it does not appear that the confiscation of two letters, in accordance with SCDC policy, is "*likely* [to] deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (emphasis added) (internal quotation marks omitted). Moreover, as noted by the Magistrate Judge, Plaintiff has not alleged and there is no evidence that Defendant's Amason's actions actually chilled Plaintiff's First Amendment activity. Thus, the Court finds that Defendant Amason's actions were neither likely to deter a person from exercising their rights nor did her actions actually deter Plaintiff. Accordingly, Plaintiff's objections are overruled with respect to his claim that Defendant Amason retaliated against him for the exercise of his First Amendment rights.

## **CONCLUSION**

Accordingly, the Court adopts and incorporates the recommendation of the Magistrate Judge.[3] Defendants' Motion for Summary Judgment [34] is **GRANTED**. The claim against Defendant Edmond is **DISMISSED** without prejudice based on Plaintiff's

---

[3] Neither party has objected to the Magistrate Judge's recommendation that Defendants' Motion for Designation of a Strike be denied. The Court has reviewed the recommendation for clear error; finding none, the recommendation of the Magistrate Judge is adopted and the Motion is denied.

failure to exhaust his administrative remedies.  The claim against Defendant Amason is **DISMISSED** with prejudice.[4]

    IT IS SO ORDERED.

                                              s/ Donald C. Coggins, Jr.
                                              United States District Judge

May 15, 2019
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] In his Response in Opposition to the Motion for Summary Judgment, Plaintiff voluntarily dismissed Defendant Lewis with prejudice.  ECF No. 42 at 1.